

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

———————————————

No. 07-13-00121-CV

———————————————

PHILLIP DWAYNE HISEY and
CHRISTOPHER HEFNER, TRUSTEE, APPELLANTS

V.

LINDSEY PEREZ, APPELLEE

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2013-506,059, Honorable William C. Sowder, Presiding

October 1, 2013

## ORDER DENYING APPELLEE'S MOTION TO DISMISS
## AND GRANTING APPELLANTS' MOTION TO ABATE

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before the Court is *Appellee's Motion to Dismiss for Mootness,* filed September 13, 2013, on behalf of Appellee, Lindsey Perez. By this motion Perez contends that because she has filed with the trial court a motion to nonsuit Appellant, Christopher Hefner, "all issues forming the basis of this appeal" have been disposed of

and the appeal should be dismissed. Although the motion does not address the disposition of any issue existing between Perez and the other Appellant, Phillip Dwayne Hisey, Perez requests this Court to "grant the motion and dismiss the appeal," presumably in its entirety. This motion is opposed by Appellant, Christopher Hefner.

Also pending before this Court is *Appellants' Motion to Abate Appeal* filed September 19, 2013, solely on behalf of Hefner. By this motion Hefner requests that this appeal be abated consistent with Rule 42.1(a)(2)(C) of the Texas Rules of Appellate Procedure, in order to effectuate a Rule 11 settlement agreement purportedly entered into between Perez and Hisey. Hefner represents that Hisey's attorney, Keith Thompson, (who has not entered an appearance in this matter) opposes the motion. Although Perez has not responded to this motion, by a letter dated September 4, 2013, her counsel has represented to this Court that a Rule 11 agreement was entered into as between Perez and Hisey such that "nothing further" need be done on this appeal.

Because *Appellee's Motion to Dismiss for Mootness* is vague as to the extent of relief being requested, we deny that motion. Because the entry of a Rule 11 agreement has been acknowledged by the parties, in the interest of justice and judicial economy, we abate this appeal to the trial court (1) to determine if the Rule 11 agreement disposes of all claims and controversies and (2) to allow the trial court to conduct such proceedings as necessary to effectuate the agreement. If, in fact, all claims and controversies have been resolved, an agreed motion to dismiss this appeal shall be presented to this Court. If all claims and controversies have not been resolved, the parties shall file an agreed statement of the claims and controversies still existing. Accordingly, we grant *Appellants' Motion to Abate Appeal* and suspend all pending

deadlines for a period of sixty days from the date of this order to allow the trial court to enter an appropriate order effectuating the settlement agreement and to allow the parties to file the agreed motion to dismiss; or, in the alternative, for the parties to file an agreed statement as ordered.

It is so ordered.


Per Curiam